# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN DICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00456-DGK |
| | ) | |
| AT&T UMBRELLA BENEFIT | ) | |
| PLAN NO. 3, and | ) | |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS

This lawsuit arises from the denial of long-term disability benefits. Plaintiff Kevin Dickson ("Dickson") alleges an ERISA plan, Defendant AT&T Umbrella Benefit Plan No. 3 ("the Plan"), and its claims administrator, Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"), wrongfully denied him benefits (Count I) and breached their fiduciary duties to him (Count II).

Now before the Court is Defendants' motion to dismiss brought under Rule 12(b)(6). ECF No. 19. Accepting the Complaint's allegations as true, the Court cannot say either Count fails to state a claim, so the motion is DENIED.

## Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## Background

For purposes of resolving the pending motion, the Court draws the following background facts from the allegations in the Complaint, ECF No. 1, as well as the Plan and Summary Plan Description, ECF Nos. 20-1, 20-2, which are necessarily embraced by the pleadings.

The Plan provides for, among other things, Short-Term Disability ("STD") and Long-Term Disability ("LTD") benefits. AT&T Services, Inc., is the named administrator for the Plan and has sole and absolute authority and discretion to interpret Plan provisions. It entered an administrative services contract with Sedgwick for Sedgwick to act as a claims administrator. AT&T Services, Inc. delegated fiduciary discretion to determine a claimant's eligibility for LTD benefits to Sedgwick.

Dickson participated in the Plan. After working for AT&T Telecommunications Company as a cable splicer for about twenty-five years, Dickson developed severe arthritis in his hands and cervical and lumbar radiculopathy. He applied for short-term disability benefits, but

2

was denied on July 16, 2021.   He appealed the denial on January 15, 2022.   On March 11, 2022,

the Plan and Sedgwick overturned the denial and awarded STD benefits for the period of June 23,

2021, through October 7, 2021.

On March 24, 2022, Dickson applied for LTD benefits.   On April 11, 2022, the Plan and

Sedgwick denied Dickson's claim for LTD benefits.   On October 3, 2022, Dickson appealed the

denial of his application for LTD benefits.   On February 21, 2023, the Plan and Sedgwick denied

the appeal.   Dickson filed this lawsuit on June 28, 2023.

Count I, which is captioned "Wrongful Denial of Benefits" and brought pursuant to 29

U.S.C. § 1132(a)(1)(B), alleges Dickson "is entitled to all unpaid and accrued LTD benefits"

because "the Plan/Sedgwick" "(a) [m]ade an unfavorable decision without substantial evidence;

(b) [f]ailed to properly consider Dickson's medical impairments and resulting limitations; and (c)

[i]ssued an unfavorable decision that was arbitrary and capricious."   Compl. ¶ 41.   Count I seeks

an award of unpaid LTD benefits and attorneys' fees, costs, and prejudgment interest.   Compl.

¶¶ 42–43, 45.

Count II, which is captioned "Breach of Fiduciary Duty" and is brought pursuant to 29

U.S.C. § 1132(a)(3), alleges:

49.   AT&T and Sedgwick, the Plan's designated claims administrators, are
fiduciaries.

.   .   .

54.   AT&T and Sedgwick breached their fiduciary duty in:

a.   Failing to comply with its internal guidelines and claims handling
procedures. Its claim handlers did not comply with documented
instructions involving the administration of disability claims, including its
procedures involving coverage and eligibility determinations;

b.   Engaging in a structural conflict of interest by assuming the role of both

claims administrator and payor of benefits;

c. Engaging in a structural conflict of interest by referring Dickson's claim for peer review to a person with a conflict of interest and who is incapable of providing independent, unbiased opinions;

d. Failing to properly consider competent medical and vocational opinion evidence, and/or failing to specifically explain why it did not agree with such evidence; and

e. Failing to produce to Dickson a full and complete copy of his claim file and/or any other documents relevant to the denial of his claim.

Compl. ¶¶ 49, 54. The Complaint further alleges Defendants' conduct "demonstrates that ordinary relief under § 1132(a)(1)(B) is not an adequate remedy," and the violations of federal regulations subject Defendants' decision to de novo review. Compl. ¶¶ 57, 59.

As for relief, Count II seeks,

an order that AT&T and Sedgwick retrain its employees consistent with ERISA fiduciary obligations and federal regulations; for reformation of its services agreement with the plan administrator consistent with ERISA fiduciary obligations and federal regulations; for an injunction preventing further unlawful acts by AT&T and Sedgwick in its fiduciary capacity; for an equitable accounting of benefits that AT&T and Sedgwick has withheld; for the disgorgement of profits enjoyed by AT&T and Sedgwick in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for an award of attorney fees; and for further relief as the Court deems just.

Compl. ¶ 60.

## Discussion

Defendants seek dismissal of Sedgwick only on Count I and dismissal of both Defendants on Count II.

### A. Sedgwick is not an improper Defendant on Count I.

Defendants argues Count I—the claim for wrongful denial of benefits in violation of 29

U.S.C. § 1132(a)(1)(B)—should be dismissed against Sedgwick because the Plan is the only entity that would have any obligation to pay LTB to Plaintiff, thus it is the only proper defendant. Suggestions in Supp. at 1.   For support, Defendants cite several Eighth Circuit cases issued in the late 1990s and early 2000s which offer tangential support their position, but are not directly on point.

Plaintiff counters that Sedgwick is a proper defendant because the Complaint alleges the Plan delegated the function of issuing claims determinations to Sedgwick and that Sedgwick contracted with the Plan to act as claims administrator.   Plaintiff cites several recent, well reasoned district court cases in support.

Exactly who is a proper defendant in a civil action brought under § 1132(a)(1)(B) is a difficult question which the Eighth Circuit has not unequivocally answered.   *Duncan v. Jack Henry & Assocs., Inc*, 617 F. Supp. 3d 1011, 1025 (W.D. Mo. 2022).   This Court agrees that the recent caselaw largely supports the conclusion that a proper party to an ERISA action for wrongful denial of benefits under § 1132(a)(1)(B) is any party "that controls administration of the plan or the plan itself."   *Id*. at 1026.   In other words, it is not an entity's title that controls the analysis, it is the entity's actual role in administering an ERISA plan that determines whether it is properly named as a defendant to a § 1132(a)(1)(B) claim.   *Id*. at 1027 (citing *Anderson v. Nationwide Mut. Ins. Co.*, 592 F. Supp. 2d 1113, 1133 (S.D. Iowa 2009) (collecting cases)).

In the present case, even Defendants acknowledge that the Plan's alleged administrator, AT&T Services, Inc., delegated fiduciary discretion to determine Plaintiff's eligibility for LTD benefits to Sedgwick.   Suggestions in Supp. at 2 ("AT&T Services, Inc. delegated fiduciary discretion to determine a claimant's eligibility for LTD benefits under the Disability Program to Sedgwick.").   Consequently, given the record before it and the fact that the Court is analyzing the

record at the motion to dismiss stage, the Court cannot say Sedgwick is an improper defendant on Count I.

**B.      Count II does not rely on the same set of facts as Count I and is not duplicative.**

Defendants argue Count II should be dismissed because it allegedly violates a prohibition set forth in *Silva v. Metropolitan Life Insurance Co.*, 762 F.3d 711, 726 (8th Cir. 2014), barring ERISA plaintiffs from obtaining duplicative recoveries.   Defendants argue Count II is duplicative of Count I in that both counts allegedly rely on the same set of facts.   Suggestions in Supp. at 5–9.

This argument is unavailing for several reasons, including because the antecedent condition for it—that both counts rely on the same set of facts—is not met.   Count I and Count II make meaningfully different factual allegations.   Count I alleges: Defendants' decision is not based on substantial evidence; Defendants failed to properly consider Dickson's medical impairments; and Defendants' decision was arbitrary and capricious.   Count II alleges Defendants are fiduciaries who breached their duties by: failing to comply with their own internal procedures; operating under general, structural conflicts of interests; referring Plaintiff's particular claim to a person with a conflict of interest; failing to explain why they did not agree with certain competent medical and vocational opinion evidence; and failing to produce a full and complete copy of Plaintiff's claim file and other documents.

Whether either of these counts' allegations are true remains to be seen, but the allegations themselves are different.   That is enough to survive this portion of the motion to dismiss.

## Conclusion

For the reasons discussed above, the motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Date:     April 15, 2024                      /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT

7